**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | **CIVIL ACTION NO. 1:10cv00216** |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **COMPLAINT** |
| **v.** | ) | |
| | ) | |
| **ALTEC INDUSTRIES, INC.,** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to James Wright and other similarly situated applicants who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant Altec Industries, Inc. ("Defendant") discriminated against James Wright and other similarly situated applicants by failing to hire them because of their religion, religious belief or religious practice, Sabbatarian.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Asheville Division.

## PARTIES

3.      Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously conducted business in the State of North Carolina and the town of Burnsville, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, James Wright ("Wright") filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Defendant manufactures and sells aerial devices, digger derricks and specialty equipment for the electric utility, telecommunications and tree care industries.  Defendant has facilities throughout the United States and Canada, including a facility in Burnsville, North Carolina.

8.      Beginning in at least March 2007, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), when it failed

2

to hire Wright and other similarly situated applicants because of their religion, religious belief and religious practice, Sabbatarianism.

9.      At all relevant times, Wright was a member of the Seventh-day Adventist faith, a Christian denomination. As a Seventh-day Adventist, Wright was a Sabbatarian and held the sincere religious belief that he could not work on his Sabbath, which is from sundown on Friday until sundown on Saturday. This belief held by Wright is consistent with the tenets of the Seventh-day Adventist faith.

10.     Wright applied for a vacant welding position with Defendant at its Burnsville, North Carolina facility in February 2007. Wright was fully qualified for the position and previously had several years of experience as a welder.

11.     At the time of Wright's application, Defendant was operating two shifts at its Burnsville facility that worked Monday through Thursday, with some overtime hours on Fridays and Saturdays. On or about March 7, 2007, Defendant interviewed Wright as part of its application process. During the interview, Wright told Defendant about his sincerely held religious belief and practice that he could not work on his Sabbath. The Human Resource Specialist conducting the interview indicated some concern that Defendant could not allow Wright to be off on his Sabbath, and stated that she would have to check with someone else about whether Wright could be off on his Sabbath. She returned shortly thereafter and indicated that Defendant would be in touch with Wright.

12.     During the week of March 12, 2007, Wright received a postcard from Defendant dated March 8, 2007 - the day after his interview - that stated Defendant was unable to offer him employment at that time. Defendant failed to hire Wright because of his sincerely held religious belief and practice, Sabbatarianism.

13.     On information and belief, from at least November 22, 2006, Defendant has had a practice of failing and refusing to hire applicants who were Sabbatarians.  Such similarly situated applicants held the sincere religious belief that they could not work on their Sabbath, which was from sundown on Friday until sundown on Saturday and were rejected by Defendant based on that belief.

14.     The effect of the practices complained of above has been to deprive James Wright and similarly situated applicants of equal employment opportunities and otherwise adversely affect their status as employees because of their religion, religious belief and religious practice, Sabbatarianism.

15.     The unlawful employment practices complained of above were intentional.

16.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of James Wright and similarly situated applicants, because of the religion, religious belief and religious practice, Sabbatarian.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against and/or failing to hire applicants on the basis of their religion, or any other employment practice that discriminates on the basis of religion.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and applicants regardless of their religious beliefs, and which eradicate the effects of its past and present unlawful employment practices.

4

C.     Order Defendant to make whole James Wright and the class of similarly situated applicants, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring of Wright and the similarly situated applicants.

D.     Order Defendant to make James Wright and the class of similarly situated employees whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and loss of civil rights, in amounts to be determined at trial.

E.     Order Defendant to pay James Wright and the class of similarly situated applicants punitive damages for its malicious and reckless conduct described above, in amount to be determined at trial.

F.     Grant such other and further relief as the Court deems necessary and proper in the public interest.

G.     Award the Commission the costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

This the 30th day of September, 2010.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

P. DAVID LOPEZ
General Counsel

5

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507

 s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney

TINA M. BURNSIDE (WI Bar 1026965)
Supervisory Trial Attorney

  s/Kara Gibbon Haden
KARA GIBBON HADEN (NC Bar 26192)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6469
Facsimile: (704) 954-6412
Email: kara.haden@eeoc.gov

ATTORNEYS FOR PLAINTIFF

6