# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:10CV216

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        **ORDER** |
| | ) |
| ALTEC INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Pending before the Court is the Plaintiff's Motion to Compel [# 31]. The Equal Employment Opportunity Commission (the "Commission") brought this action against Defendant under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, as amended, in order to correct the alleged unlawful employment practices of Defendant and to provide relief for James Wright and similarly situated applicants. The Commission contends that Defendant discriminated against Wright and other job applicants by failing to hire them because of their religion, Sabbatarian. Plaintiff now moves to compel Defendant to respond to discovery requests. The Court **GRANTS** the motion [# 31].

## I. Legal Standard

-1-

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

## II. Analysis

In response to the Commission's Motion to Compel, Defendant raises two issue. First, Defendant contends that the temporal scope of the requests are overly broad. Second, Defendant contends that its prior production of documents in

-2-

response to the EEOC investigation is sufficient to satisfy its requirements under

Rule 34 of the Federal Rules of Civil Procedure. The Court will address each of

Defendant's objections in turn.

### A. The Temporal Scope of the Commission's Discovery Requests is not Overly Broad[1]

In its First Set of Interrogatories and First Request for Production of

Documents, the Commission sought documents and information during the period

of August 1, 2006, to the present. Defendant, however, contends that only

information related to the time period between August 1, 2006, and March 2007 is

relevant to this dispute and objected to the interrogatories and document requests

outside of this temporal window.

District Courts have "wide latitude in controlling discovery," including the

overall scope of discovery. Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th

Cir. 1986). As the United States Court of Appeals for the Fourth Circuit has noted,

"undue restrictions of discovery in Title VII cases are especially frowned upon."

Id. at 684 (internal quotations and citation omitted); see also Rodger v. Elec. Data

Sys., Corp., 155 F.R.D. 537, 539 (E.D.N.C. 1994). In the related context of

---

[1] Defendant's other boilerplate objections are without merit. Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 528 (S.D. W. Va. 2007) (collecting cases); Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 241-48 (M.D.N.C. 2010) (collecting cases).

enforcing an administrative subpoena related to an EEOC investigation, the Fourth Circuit has recognized the expansive scope of information which the EEOC may obtain. EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 113 (4th Cir. 1997). Of course, even in the context of a discrimination case brought by the Commission, the scope of discovery is not unlimited; discovery is still limited by the outer bounds of relevance and burdensomeness. Ardrey, 789 F.2d at 684; Rodger, 155 F.R.D. at 539. Accordingly, courts have imposed various temporal limitations on discovery in the employment discrimination context. See e.g. EEOC v. Autozone, Inc., 258 F. Supp. 2d 822, 831 (W.D. Tenn. 2003) (collecting cases and allowing discovery over a nine year period). Ultimately, the temporal scope of discovery in this case will depend on the specific facts of the case and will be left to the discretion of the District Court. See Ardrey, 789 F.2d at 682.

Upon a review of the record in this case, the Court finds that the temporal scope of discovery sought by the Commissioner - August 1, 2006, to the present - is not so burdensome or irrelevant as to warrant limiting discovery to the time period proposed by Defendant; a time period that the Court finds to be unreasonable. Wright applied for a vacant position with Defendant in February 2007. (Pl.'s Compl. ¶ 10.) After interviewing for the position, Defendant notified Wright that he did not get the position in March 2007. (Id. ¶¶ 11-12.) The

-4-

Complaint, however, also alleges that beginning in 2006, Defendant had a practice of refusing to hire applications who were Sabbatarians and that this practice has deprived Wright and other applicants of equal employment opportunities. (Id. ¶¶ 13-14.) Subsequently, the Commission identified two other individuals who contend they were also denied employment as a result of the their religious beliefs. The Court finds that August 1, 2006, to the present time period is relevant to the claims in the Complaint and is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Moreover, Defendant has not demonstrated that the production of documents spanning this time period or answering interrogatories covering this time period would pose an undue burden on it. Accordingly, the Court **GRANTS** the Motion to Compel [# 31]. The Court **DIRECTS** Defendant to fully respond to the Commission's First Requests for Production of Documents and First Set of Interrogatories within twenty (20) days of the entry of this Order.

**B.** **Defendant's Response to the Commission's Requests for Production of Documents Failed to Comply with Rule 34**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the requests . . ." Fed.

R. Civ. P. 34(b)(2)(E)(I); see also T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449, 456 (W.D.N.C. 1991) (Potter, J.). A party who takes the option of producing documents in the usual course of its business bears the burden of demonstrating that the documents were produced in this manner. DE Techs, Inc. v. Dell, Inc., 238 F.R.D. 561, 566 (W.D. Va. 2006). In its Motion to Compel, the Commission moves to compel Defendant to organize and label the documents Defendant produced in responding to the document requests.

In response to the Commission's First Request for Production of Documents, Defendant responded with a number of objections. Pertinent to the issue before the Court is Defendant's objection that the document requests seek documents that Defendant previously disclosed to the Commission during the course of the Commission's investigation into the EEOC charge filed by James. Wright. Although Defendant need not produce documents it has already provided to the Commission, it may only rely on the prior production of documents to satisfy its obligation under Rule 34 if the documents were previously produced to the Commission in the manner that they are kept in the usual course of business or Defendant organized and labeled the documents to correspond to the categories in the requests. Fed. R. Civ. P. 34(b)(2)(E)(I). In Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522 (S.D. W. Va. 2007), the United States

-6-

District Court for the Southern District of West Virginia addressed a similar issue

when the plaintiff took the position that is prior production of documents produced

pursuant to Rule 26(a)(1) satisfied its obligations under Rule 34.  As the Court

explained in Frontier-Kemper:

> There is no indication that Plaintiff produced its Rule 26(a)(1) disclosures as they were kept in the usual course of business or that they were otherwise organized and labeled. See Cardenas v. Dorel Juvenile Group, Inc., 230 F.R.D. 611, 618-19 (D.Kan.2005) (finding insufficient, defendant's response to a Rule 34 request for production of documents stating that the documents had been produced with defendant's Rule 26(a)(1) initial disclosures because there was insufficient evidence that the Rule 26(a)(1) disclosures had been produced as they were kept in the usual course of business). In asserting that its Rule 26(a)(1) disclosures suffice in responding to the Rule 34 requests without showing that the Rule 26(a)(1) disclosures were produced as they were kept in the usual course of business, Plaintiff clearly did not comply with the requirements of Rule 34(b).

246 F.R.D. at 528.

Similarly, before Defendant may rely on its prior production of documents

in response to the EEOC investigation to satisfy its obligations under Rule 34, it

must demonstrate that it produced these documents as they were kept in the usual

course of business.   Because Defendant has not satisfied its burden of

demonstrating that it produced the relevant documents in this manner, DE Techs.,

238 F.R.D. at 566, the Court **GRANTS** the Motion to Compel.  The Court

**DIRECTS** the Defendant to produce the responsive documents as they are kept in

the usual course of business or organize and label the documents to correspond to the categories in the requests within twenty (20) days of the entry of this Order. If, however, Defendant previously produced these documents as they are kept in the usual course of business, Defendant may file an affidavit of counsel within ten (10) days of the entry of this Order specifying that it produced these documents in this manner and describing the manner in which the documents were produced.

## III.    Conclusion

The Court **GRANTS** the Motion to Compel [# 31]. The Court **DIRECTS** Defendant to fully respond to the Commission's First Requests for Production of Documents and First Set of Interrogatories within twenty (20) days of the entry of this Order.  In addition, the Court **DIRECTS** the Defendant to produce the responsive documents it produced in response to the EEOC investigation as they are kept in the usual course of business or organize and label the documents to correspond to the categories in the requests within twenty (20) days of the entry of this Order. If, however, Defendant previously produced these documents as they are kept in the usual course of business, Defendant may file an affidavit of counsel within ten (10) days of the entry of this Order specifying that it produced these documents in this manner and describing the manner in which the documents were produced.

Case 1:10-cv-00216-MR -DLH   Document 37   Filed 06/18/12   Page 8 of 9

Signed: June 18, 2012

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge

-9-