IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 1:10cv00216 |
| Plaintiff, | |
| v. | CONSENT DECREE |
| ALTEC INDUSTRIES, INC., | |
| Defendant. | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Altec Industries, Inc. ("Defendant") discriminated against James Wright and other similarly situated applicants by failing to hire them because of their religion, religious belief or religious practice, Sabbatarian.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of Title VII. Likewise, in entering into this Consent Decree the Commission does not disavow the allegations in its Complaint.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion under Title VII by refusing to hire a person because of sincerely held religious beliefs.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay James T. Wright the sum of Twenty-Five Thousand Dollars ($25,000) in settlement of the claims raised in this action. Defendant shall make payment as follows: Twenty-Thousand Dollars ($20,000) representing compensatory damages for which Defendant will issue a form 1099, by issuing a check payable to James T. Wright; and Five Thousand Dollars ($5,000) representing back pay for which Defendant will issue a form W-2, by issuing a check payable to James T. Wright less applicable taxes and withholding. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Mr. Wright at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Mr. Wright.

4. Defendant affirms that it has no personnel file pertaining to James T. Wright. Defendant agrees that any personnel file created at any time for James T. Wright shall not

2

contain documents, entries, or references related to this action or EEOC Charge Number 430-2007-02619.

5. Within sixty (60) days of the entry of this Decree by the Court, Defendant shall revise, implement and distribute its written anti-discrimination policy, a copy of which is attached hereto as Exhibit A, to include, but not be limited to, the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on religion and its requirement that employers provide reasonable religious accommodations absent undue hardship to employees for sincerely held religious beliefs; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination.

Defendant shall make available to each current employee via Defendant's Intranet a copy of the policy within the aforementioned 60 day time period. Within sixty (60) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall make the policy available to all new employees via Defendant's Intranet and review it with them at the time of hire.

6. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in all of its facilities in North Carolina, South Carolina and Virginia in a place where it is visible to employees. If a policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within sixty (60) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted in accordance with the terms of this provision.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees at Defendant's Burnsville, North

3

Carolina facility. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and its prohibition against religious discrimination in the workplace. Each training program shall also include an explanation of a reasonable accommodation of religious beliefs under Title VII, including what constitutes a reasonable accommodation and what actions managers and supervisors must take in response to a request for a religious accommodation or when they become aware that a religious accommodation is necessary. Further, each training program shall include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within ninety (90) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within fifteen (15) days after completion of each training program, Defendant shall provide the Commission with the agenda used for the training program, shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in each of its facilities in North Carolina, South Carolina and Virginia in a place where it is visible to employees. If any Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty (40) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted in accordance with the terms of this provision.

4

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

   a. The identities of all applicants who applied for employment as a production associate and who were interviewed but not hired:

      i. For each such applicant, include by way of identification each person's name, address, and telephone number;

      ii. For each such applicant: all dates of application within the reporting period, the corresponding position applied for, and the scheduled hours for the position (e.g., Monday through Thursday, 7 am to 3 pm); and a statement of whether the applicant was offered employment and/or hired, and if not offered employment, the reason why and the name of the decision maker;

   b. The identities of all employees who requested an accommodation of a religious belief during the reporting period, including by way of identification each person's name, last known telephone number and address, social security number, and job title;

   c. For each individual identified in 9.c. above, a detailed description of the individual's request and what action, if any, Defendant took in response to the request;

Defendant agrees that within forty-eight (48) hours of a request by the Commission, Defendant shall provide the plant schedule for production associates and social security numbers for individuals identified in paragraph 9.b above, as requested by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, upon forty-eight (48) hours notice to Defendant by sending an e-mail to Tina Tilashalski, Manager, Compensation, at tina.tilashalski@altec.com, the Commission may inspect Defendant's Burnsville, North Carolina facility, interview employees and examine and copy

5

documents. No notice shall be required with respect to compliance review for postings in paragraphs 6 and 8.

11.     If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12.     The term of this Decree shall be for two (2) years from its entry by the Court.

13.     All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by email to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14.     Each party shall bear its own costs and attorney's fees.

15.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

IT IS SO ORDERED.

_____
United States District Judge
Date: January 2, 2013

The parties jointly request that the Court approve and enter the Consent Decree:

This the 21st day of December, 2012.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**s/Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney

**s/ Kara Gibbon Haden**
KARA GIBBON HADEN (NC Bar 26192)
Supervisory Trial Attorney
Email: kara.haden@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Tel:     (704) 954-6469
Fax:    (704) 954-6412

ATTORNEYS FOR PLAINTIFF

ALTEC INDUSTRIES, INC., Defendant

**s/ Jonathan W. Yarbrough**
JONATHAN W. YARBROUGH
(NC Bar 21316)
Email: jyarbrough@constangy.com
CONSTANGY, BROOKS & SMITH, LLP.
84 Peachtree Road, Suite 230
Asheville, NC 28803
Tel:    (828) 277-5137
Fax:   (828) 277-5138

ATTORNEYS FOR DEFENDANT

7

## EQUAL OPPORTUNITY

We at Altec Industries, Inc. are committed to equal treatment of all Associates and fair and equal consideration of all perspective Associates without regard to race, color, age, religion, sex, national origin, or disability. Altec will not consider disability in making employment decisions.

The Company complies with all federal, state, and local government entities in connection with equal employment regulations. Altec Industries, Inc. has established written affirmative action programs in which it commits to administer all human resources actions in compliance with these regulations, including such matters as employment, promotions, demotions, transfers, compensation, benefits, training, education, and social and recreational programs.

Altec Industries, Inc. is further committed to providing a work environment free from sexual harassment. You are urged to bring any situation that involves either discrimination or sexual harassment to the attention of your supervisor or Human Resources immediately. All complaints will be acted upon in strictest confidence.

## HARASSMENT FREE WORKPLACE

Altec has a vital interest in maintaining safe, healthy, and efficient working conditions for its Associates. The Company strongly disapproves of, and will not tolerate, harassment of any kind, whether committed by Associates or non-associates.

Actions, words, jokes, pictures, film, magazines or any other material which tend to demean or "make fun of" another person based on issues related to sex, age, race, religion, national origin, color of skin, disability, veteran status, or any other legally protected characteristic will not be tolerated. Harassment is a form of misconduct, which is disruptive to the work environment, it undermines the employment relationship, and is strictly prohibited.

If an Associate has a complaint about any type of harassment by anyone or who experiences behavior which he/she feels is contrary to this policy, they are urged to bring this to the attention of their direct supervisor. If the supervisor is not available or an Associate believes that it would be inappropriate to report the matter to that supervisor, the Associate should immediately contact Human Resources. Any Associate who reports an incident of perceived harassment will be protected from retaliation or reprisal.
Any supervisor or manager who becomes aware of an incident of any type of potential harassment should promptly advise Human Resources.

Any Associate who is found to have engaged in conduct in violation of this Harassment Free Workplace Policy will be subject to disciplinary action, up to and including termination. All Associates should understand that Altec considers any form of harassment as unacceptable and therefore, any conduct that may be even perceived as potential harassment is to be avoided.



# EMPLOYEE NOTICE

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Altec Industries, Inc., in a case of discrimination based on religion. Specifically, the EEOC alleged Altec Industries discriminated against James T. Wright by failing to hire him because of his religion, religious belief or religious practice, Sabbatarian, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). As part of the settlement, Altec Industries agreed to pay monetary damages to Wright and to take other action set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Altec Industries will comply with such federal law in all respects. Furthermore, Altec Industries will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 201\_.

**EXHIBIT B**